OPINION.
{¶ 1} Defendant-appellant Corwin Goode appeals from his conviction and sentence, following a jury trial, upon one count of possession of crack cocaine in an amount equaling or exceeding ten grams, but less than 25 grams, and one count of possession of cocaine in an amount equaling or exceeding 25 grams, but less than 100 grams. Goode contends that the trial court abused its discretion by denying his motion for a continuance, that the trial court abused its discretion by denying his motion to substitute counsel, and that his conviction is against the manifest weight of the evidence. We conclude that the trial court did not abuse its discretion in denying a motion for continuance made on the morning of trial, based upon new indictments about which the defendant had known for at least a week. We also conclude that the trial court did not abuse its discretion in denying defendant's motion to substitute counsel, where no grounds for substituting counsel were shown. Finally, we conclude, based upon our review of the evidence in the record, that Goode's conviction is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} In March 2001, police officers executed a search warrant at a residence at 1846 Emerson Avenue, in the city of Dayton. Upon entering the residence, the officers found Saconna Hart and defendant-appellant Corwin Goode.
 {¶ 3} The police officers found three baggies of crack cocaine in a drawer in the kitchen of the apartment. They also found two baggies of powdered cocaine in the kitchen drawer. Other evidence was also found.
 {¶ 4} Hart testified at trial. She testified that she had been at the Emerson Avenue residence on two occasions. At the time of the execution of the search warrant, she had accompanied Goode to the apartment, in preparation for going out of a date with him. She testified that upon entering the residence, Goode removed some clothes from a bag he had been carrying, and laid them out on a couch in the apartment, as if he were going to change clothes. At one point, Hart used a bathroom, access to which was through a bedroom in the apartment.
 {¶ 5} Hart testified that she saw Goode take a baggie from his pocket, and put it in a drawer in the kitchen. She testified that she was familiar with crack cocaine, and recognized the substance in the baggie as being crack cocaine. This was about 30 minutes before the execution of the search warrant.
 {¶ 6} Goode was arrested at the scene. He was initially indicted on the two counts of possession of cocaine for which he was ultimately convicted, and on one count of Having a Weapon While Under Disability. Three weeks before trial, he was indicted with three additional offenses: Having a Weapon While Under Disability, with a firearm specification, and two counts of Possession of Criminal Tools.
 {¶ 7} On the morning of the day set for trial, Goode moved for a continuance, based upon the recent indictment charging him with three additional offenses. This motion was denied. Goode then requested substitution of trial counsel. This request was denied.
 {¶ 8} The trial proceeded. It appears that a jury was selected on the same day that Goode orally moved for a continuance, and that opening statements and testimony commenced the following day. The jury found Goode guilty of the possession of cocaine and possession of crack cocaine counts, but not guilty of the Having a Weapon While Under Disability counts and the Possession of Criminal Tools counts. A judgment of conviction was entered, and Goode was sentenced appropriately.
 {¶ 9} From his conviction and sentence, Goode appeals.
 II {¶ 10} Goode's First Assignment of Error is as follows:
 {¶ 11} "The trial court abused its discretion when it denied a properly submitted motion for continuance of trial counsel."
 {¶ 12} Goode acknowledges that a motion for a continuance of a trial is confided to the discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65; State v. Bayless (1976), 48 Ohio St.2d 73. Goode contends that the trial court abused its discretion by denying his motion for a continuance, because he needed additional time to prepare for the three counts of the second indictment, returned three weeks before trial. Goode's trial counsel informed the court that he had been out of town until one week before the trial.
 {¶ 13} We find no abuse of discretion. Goode contends that he made his motion the day before trial, but our review of the record indicates that his motion was made orally on the morning of trial. Although opening statements and the presentation of testimony did not begin until the following day, it appears from the record that the jury was selected on the same day that Goode made his motion.
 {¶ 14} Goode's counsel acknowledges that he was aware of the additional charges at least one week before trial. We find no abuse of discretion by the trial court in denying a motion for a continuance made on the morning of trial, based upon facts and circumstances that had been known to defense counsel a week before trial.
 {¶ 15} Furthermore, we note that Goode was acquitted on all of the counts that were added by the additional indictment returned against him three weeks before trial, so that it would appear that he was not harmed by any alleged lack of opportunity to prepare defenses to these charges.
 {¶ 16} Goode's First Assignment of Error is overruled.
 III {¶ 17} Goode's Second Assignment is as follows:
 {¶ 18} "The trial court erred in failing to allow appellant to obtain new counsel and in the alternative allow counsel to withdraw."
 {¶ 19} After the trial court had denied Goode's oral motion for a continuance of the trial, which is the subject of his First Assignment of Error, Goode renewed his request for a continuance:
 {¶ 20} "MR. KNAPP [representing Goode]: That's correct, Your Honor. Uh . . . my client, uh . . . feels so strongly about the fact that, uh . . . — that, uh . . ., uh . . . he wanted a Continuance on this matter and wants to see if — if this can be, uh . . . resolved through a Continuance, that he is advising me that he is refusing to proceed into the Courtroom, uh . . . for the progression of this trial or the — even for the selection of the Jury.
 {¶ 21} [Whereupon, the trial judge reviewed with Goode various options for viewing the proceedings by television, etc.]
 {¶ 22} "MR. GOODE: But that's not the problem, sir. That's not the problem with me bein' in the presence of the Jury. That's not the problem at all. That's not . . .
 {¶ 23} "JUDGE HALL: What's . . .
 {¶ 24} "MR. GOODE: . . . the reason.
 {¶ 25} "JUDGE HALL: What's the . . .
 {¶ 26} "MR. GOODE: That's not the . . .
 {¶ 27} "JUDGE HALL: . . . problem?
 {¶ 28} "MR, GOODE: That's not the reason of me askin' for a Continuance, sir.
 {¶ 29} "JUDGE HALL: And that's denied. And we're not gonna go ahead and go over that again. That's denied and that's the . . .
 {¶ 30} "MR. GOODE: Well, I mean . . .
 {¶ 31} "JUDGE HALL: . . . the . . .
 {¶ 32} "MR. GOODE: . . . that's what I'm askin' for. I need a Continuance. That's what . . .
 {¶ 33} "JUDGE HALL: And — and . . .
 {¶ 34} "MR. GOODE: . . . I'm askin' for.
 {¶ 35} "JUDGE HALL: . . . you're not going to be granted a Continuance. That question is not gonna be addressed anymore.
 {¶ 36} "MR. GOODE: Well, I — I'm I mean, well, the Court — it can't go on, sir. I'm askin' for a new Counsel. I'm trying' — I'm tryin' to be a — I'm tryin' to fight my case. Now you tellin' me I'm supposed to go ahead . . .
 {¶ 37} "JUDGE HALL: What . . .
 {¶ 38} "MR. GOODE: . . . on . . .
 {¶ 39} "JUDGE HALL: For what reason . . .
 {¶ 40} "MR. GOODE: . . . when I need . . .
 {¶ 41} "JUDGE HALL: For what reason do you request new Counsel?
 {¶ 42} "MR. GOODE: For the support of my case, sir.
 {¶ 43} "JUDGE HALL: Any . . .
 {¶ 44} "MR. GOODE: I've bein' . . .
 {¶ 45} "JUDGE HALL: . . . specific. . . .
 {¶ 46} "MR. GOODE: I've . . .
 {¶ 47} "JUDGE HALL: . . . reason?
 {¶ 48} "MR. GOODE: I've bein' — I've bein' indicted on two new — three new charges two weeks before a trial. You think that's fair? You think that's givin' me adequate time to proceed?
 {¶ 49} "JUDGE HALL: I've already dealt with those issues. Any other reason that you think that you . . .
 {¶ 50} "MR. GOODE: I'm askin' for new . . .
 {¶ 51} "JUDGE HALL: . . . should be . . .
 {¶ 52} "MR. GOODE: I'm gettin' new coun — I'm askin' for a new Counselor. And I'm gonna hire my own attorney, that's all.
 {¶ 53} "JUDGE HALL: Any other reasons that you want new Counsel?
 {¶ 54} "MR. GOODE: Sir, what'd I just ask for?
 {¶ 55} "JUDGE HALL: I — I heard the reasons that you gave. I'm asking if you have any other reasons.
 {¶ 56} "You're already on your second attorney in this case.
 {¶ 57} "MR. GOODE: I understand that.
 {¶ 58} "JUDGE HALL: And therefore . . .
 {¶ 59} "MR. GOODE: And it's — it's . . .
 {¶ 60} "JUDGE HALL: . . . the Court is going to deny you new Counsel and gonna require Mr. Knapp to represent you."
 {¶ 61} After this the colloquy between Goode and the trial court continued, but nothing of any significance was added.
 {¶ 62} As can be seen from the portion of the transcript quoted above, it is evident that Goode's request for a substitution of counsel was merely another attempt to get the continuance that had already been denied. Although invited by the trial court to provide reasons for wishing to substitute counsel, Goode failed to do so. Accordingly, we find no abuse of discretion on the part of the trial court in denying Goode's motion to substitute counsel.
 {¶ 63} Goode's Second Assignment of Error is overruled.
 IV {¶ 64} Goode's Third Assignment of Error is as follows:
 {¶ 65} "The verdict of the jury was against the manifest weight of the evidence."
 {¶ 66} Goode cites State v. Thompkins (1997), 78 Ohio St.3d 380, for the proposition that when the weight of the evidence is challenged, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 67} Essentially, Goode invites this court to find that the testimony of Saconna Hart is not worthy of belief. We have read the entire transcript of Hart's testimony upon direct examination and cross-examination, and we find nothing inherently incredible about her testimony.
 {¶ 68} Goode's contention that Hart's testimony is not worthy of belief appears to be predicated exclusively upon two inconsistencies between her trial testimony and a statement she gave to police officers. The first inconsistency is between her trial testimony that she had been to the apartment only twice, and her statement to the police that she had been to the apartment four or five times. The second inconsistency is between her trial testimony that she had been in the apartment for about an hour prior to the execution of the search warrant, and her statement to the police that she had been at the apartment for about five hours before the execution of the search warrant. This latter discrepancy was partially explained by Hart's testimony that Goode had picked her up earlier that afternoon, but that they had stopped at a friend's house before going to the apartment, perhaps explaining the longer time frame in her statement to the police.
 {¶ 69} As the State notes in its brief, the trial took place over a year after the incident. We do not find it remarkable that Hart's recollection of events at the time of the execution of the search warrant, as she testified at trial, is not completely consistent with the statement that she gave to police at the time of the incident. As the State notes, Hart's testimony was consistent with her police statement with respect to material matters. These included her observation of Goode taking a plastic baggie containing what appeared to be crack cocaine from his pocket and putting it in the kitchen drawer. From this evidence alone, a reasonable jury could conclude that Goode exercised dominion and control over the illegal drugs in the kitchen drawer.
 {¶ 70} Evidence of Goode's relationship to the apartment in which the drugs were found did not depend entirely upon Hart's testimony. One of the police officers testifying at trial testified that he observed Goode in the front yard of the apartment building, talking on a white cordless phone, approximately seven hours before the execution of the warrant. A white cordless phone was subsequently located inside the living room of the apartment. Photographs seized from the residence depicted Goode standing outside the apartment building, next to the porch. Other photographs showed Goode and an unidentified woman inside the kitchen. Keys that Goode asserted were his were found to unlock the front door to the apartment building, and both the inner door and wrought iron security door to the apartment unit.
 {¶ 71} Based upon all of the evidence in the record, we cannot say that the jury lost its way in finding that the drugs seized from the kitchen drawer in the apartment were within Goode's possession in the sense that he exercised dominion and control over them.
 {¶ 72} Goode's Third Assignment of Error is overruled.
 V {¶ 73} All of Goode's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and YOUNG, JJ., concur.